**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 25-14054 |
| | ) | |
| OVIDIU G. ASTALUS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |
| | ) | |

**<u>NOTICE OF MOTION</u>**

To:     See attached service list.

PLEASE TAKE NOTICE that on **<u>Tuesday, November 25, 2025 at 9:30 A.M.</u>**, I will appear before the Honorable Donald R. Cassling, or any judge sitting in his place, either in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse at 219 S. Dearborn Street, Chicago, IL 60604 or electronically as described below, and present PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC 's *Motion for an Order Authorizing the Examination and Production of Documents of the Debtor Ovidiu G. Astalus pursuant to Federal Rule of Bankruptcy Procedure 2004,* a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 414 7941** and the passcode is **619**. The meeting ID and passcode can also be found on Judge Cassling's webpage on the court's website: https://www.ilnb.uscourts.gov/content/judge-donald-r-cassling

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

<div style="margin-left: 50%;">

PNC BANK, NATIONAL ASSOCIATION,
successor by merger to PNC EQUIPMENT
FINANCE, LLC

By:     /s/ C. Randall Woolley

</div>

C. Randall Woolley
Darcy & Devassy, PC
444 North Michigan Avenue
Suite 3270
Chicago, IL  60611
(312) 784-2400 Telephone
(312) 784-2410 Facsimile
rwoolley@darcydevassy.com

## CERTIFICATE OF SERVICE

I, C. Randall Woolley, an attorney, hereby certify that on November 18, 2025, I electronically filed PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC's *Motion for an Order Authorizing the Examination and Production of Documents of the Debtor Ovidiu G. Astalus pursuant to Federal Rule of Bankruptcy Procedure 2004* with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

Rachel Ann Mariner rachel@rafiilaw.com

Konstantine T. Sparagis gsparagi@yahoo.com

Daniel J Winter trustee@dwinterlaw.com

Adam G. Brief Ustpregion11.es.ecf@usdoj.gov

and I hereby certify that I caused the document to be served on the following non-CM/ECF participants via First Class Mail:

Ovidiu G. Astalus
3464 Whirlaway Dr.
Northbrook, IL 60062

Ally Bank c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

BMO Bank N.A. c/o AIS Portfolio Services LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

/s/ C. Randall Woolley

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 25-14054 |
| | ) | |
| OVIDIU G. ASTALUS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | |

**PNC'S MOTION FOR AN ORDER AUTHORIZING THE EXAMINATION**
**AND PRODUCTION OF DOCUMENTS PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

NOW COMES Creditor PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC ("PNC"), by and through counsel, and for its Motion for an Order Authorizing the Examination and Production of Documents (the "Motion") of the Debtor Ovidiu G. Astalus (the "Debtor") pursuant to Federal Rule of Bankruptcy Procedure 2004, states as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      On September 12, 2025, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition Date").

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as the relief requested by this motion constitutes a proceeding arising under and related to the Debtor's Chapter 7 bankruptcy proceeding which is currently pending before this court.

**BACKGROUND**

4.        As set forth in the Debtor's Schedules, p. 14, the Debtor is the 100% shareholder of Go Logistics, Inc. ("Go Logistics").   The Debtor, as President of Go Logistics, executed the contracts described herein.

5.        On or about August 23, 2019, PNC, as lender, and Go Logistics, as borrower, entered into the Master Loan and Security Agreement and Schedule No. xx7187-1 thereto (the "Master Agreement") wherein PNC agreed from time to time to make a loan or loans to Go Logistics as set forth on an applicable note or notes, and Go Logistics agreed to grant PNC a security interest in certain collateral as security for the Go Logistics' obligations under the note or notes.  A true and correct copy of the Master Agreement is attached hereto as Exhibit 1.

6.        Also on or about August 23, 2019, Go Logistics executed Term Note No. xx181-1 to the Master Agreement (the Term Note No. xx181-1 and Master Agreement are collectively referred to as the "Loan") wherein Go Logistics agreed to pay $298,250.00 at 4.60% interest to PNC as consideration for acquisition of the following equipment: one (1) 2017 Great Dane Dry Van Trailer, Vin No. 1GRAA0627HB700789; one (1) 2008 Utility Dry Van Trailer, Vin No. 1UYVS25358M311024; one (1) 2018 Stoughton Trailer, Vin No. 1DW1A5320JBA02670; one (1) 2018 Utility Dry Van Trailer, Vin No. 1UYVS2532J3224824; one (1) 2019 Stoughton Trailer, Vin No. 1DW1A5320KBA21012; one (1) 2010 Utility Trailer, Vin No. 1UYVS2535AU891834; one (1) 2017 Great Dane Trailer, Vin No. 1GRAP0627HD468262; one (1) 2015 Utility Dry Van Trailer, Vin No. 1UYVS2537FG241702; one (1) 2018 Great Dane Trailer, Vin No. 1GRAP0623JJ116920; and one (1) 2016 Hyundai, Vin No. 3H3V532C7GT261044 (collectively the "Equipment").  A true and correct copy of Term Note No. xx181-1 is attached hereto as Exhibit 2.

2

7.      Pursuant to the Loan, Go Logistics agreed to make sixty (60) consecutive monthly payments in the amount of $5,573.85, plus applicable taxes. See Term Note No. xx181-1, Ex. 2.

8.      PNC has a first priority security interest in the Equipment, as evidenced by the Equipment's Certificates of Title identifying PNC as first lienholder. See Certificates of Title for the Equipment, attached hereto as Exhibit 3.

9.      To induce PNC to enter into the Loan, the Debtor personally guaranteed the obligations of Go Logistics under the Loan (the "Guaranty"). See Guaranty attached hereto as Exhibit 4.

10.     The Debtor defaulted under the Guaranty of the Loan by failing to make all necessary payments when due.

11.     As a result of the payment default, PNC is entitled to possession of the Equipment.

12.     PNC claims the amount due as a result of the payment default to be $34,201.73.

13.     Go Logistics has failed to surrender the Equipment.

14.     PNC has been unable to recover the Equipment.

15.     The current location of the Equipment is unknown.

16.     To date, the Debtor, as President and sole shareholder of Go Logistics, has refused to provide the location of the Equipment.

17.     PNC has been unable to determine whether the Equipment has been, sold transferred or abandoned by the Debtor.

**ARGUMENT**

18.     PNC seeks to conduct a Rule 2004 examination of the Debtor.  PNC seeks information regarding the location of its Equipment and potential sale, transfer, or other disposition of the Equipment.

3

19.     PNC further seeks leave to conduct discovery of third parties that may have possession and control of the Equipment.

20.     Rule 2004 of the Federal Rules of Bankruptcy Procedure permits an examination to discover the debtor's acts, conduct, or property, the debtor's liabilities and financial condition, any matter that may affect the administration of the debtor's estate, or the debtor's right to a discharge.  Fed. R. Bankr. P. 2004(a) (West 2025).

21.     The scope of a Rule 2004 examination is exceptionally broad, a principle which is peculiar to bankruptcy law to allow discovery of any matter which may affect the administration of a debtor's estate.  See In re Sheehan, 625 B.R. 72 (Bankr. N.D. Ill. 2021); citing In re Sheetz , 452 B.R. 746, 748 (Bankr. N.D. Ind. 2011) ("The scope of such an examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, its right to a discharge, or any matter affecting the administration of the bankruptcy estate.").

22.     Here, a Rule 2004 examination of the Debtor is necessary for PNC to uncover details regarding the status of its Equipment and determine if PNC may have non-dischargeable claims.

23.      Further, a Rule 2004 examination of the Debtor may uncover further avenues for recovery to the benefit of all creditors, including PNC.

WHEREFORE, PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC respectfully requests that the Court grant an Order authorizing the examination and production of documents by the Debtor pursuant to Bankruptcy Rule 2004, and for any additional and further relief as the Court deems just and proper.

4

Dated: November 18, 2025

Respectfully submitted,

PNC BANK, NATIONAL ASSOCIATION, successor by merger to PNC EQUIPMENT FINANCE, LLC,

By: /s/ C. Randall Woolley
C. Randall Woolley (ARDC # 06280067)
DARCY & DEVASSY PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611
(312) 784-2400 Telephone
(312) 784-2410 Fax
rwoolley@darcydevassy.com

5